UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

DORETHA WORLEY,

      Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, DORETHA WORLEY, a South Carolina citizen and resident, sues Defendant,

CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in

Miami-Dade County, Florida, doing business as CARNIVAL CRUISE LINES, (CARNIVAL) and

alleges:

## JURISDICTION, VENUE AND PARTIES

      1.     This is an action for damages in excess of Seventy-Five Thousand ($75,000.00)

Dollars, exclusive of interest and costs.

      2.     Plaintiff, DORETHA WORLEY, is sui juris and at all material times has been a

citizen and resident of the state of South Carolina.

      3.     Defendant, CARNIVAL CORPORATION, is a Panamanian corporation with its

principal place of business in Miami, Dade County, Florida.  At all material times Defendant,

CARNIVAL CORPORATION, has done business under the fictitious name "CARNIVAL

Worley v. Carnival
Complaint

CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4.      Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. §1332(a) (2).  As alleged above there is complete diversity in citizenship of the parties because Plaintiff, DORETHA WORLEY is and all material times has been a citizen and resident of the state of South Carolina, while Defendant CARNIVAL is a citizen both of Panama and of Florida for jurisdictional purposes.  The amount of damages claimed exceeds the minimum jurisdictional amount required for diversity of citizenship cases.  The damages alleged in Paragraph ** below support an award of damages in excess of $75,000.00.

5.      At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, through having its principal place of business there, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6.      At all material times, CARNIVAL has engaged in business in this district, so venue is proper in this Court.

7.      At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8.      In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Worley v. Carnival
Complaint

9.      Venue is also proper in this district because the Defendant's principal places of business are located within this district.

10.      Plaintiff has complied with all conditions precedent to bringing this action.  The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship.

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

11.      At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL M/S "SENSATION."

12.      At all material times, including the accident date of July 17, 2019, the Plaintiff was a fare paying passenger aboard the CARNIVAL M/S "SENSATION" and in that capacity was lawfully present aboard the vessel.

13.      On or about July 17, 2019, while the Plaintiff was in her stateroom bathroom, she held onto the bathroom sink to steady herself due to motion of the vessel.  When she held onto the sink, it detached without warning from the bathroom wall, causing the Plaintiff to fall and sustain serious injuries.

14.      As a direct and proximate result of the detachment of the bathroom sink and resulting fall described above, the Plaintiff was injured in and about her body and extremities, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical conditions. Furthermore, she incurred past and future medical, hospital, and other out of pocket

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Worley v. Carnival
Complaint

and health care expenses as a result of her injuries; the future medical, hospital and health care

expenses are reasonably certain to occur.  These damages are permanent or continuing in their

nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT MAINTENANCE (DIRECT LIABILITY)

15.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of

Paragraphs 1-14 above.

16.     At all material times, the Defendant CARNIVAL owed the Plaintiff, as a fare-

paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care,

including the duty to take reasonable steps to maintain the stateroom bathroom where she fell, and

the sink therein, in a condition reasonably safe for passengers using the bathroom, including a duty

to maintain the bathroom sink in such a condition that it did not detach unexpectedly from the

bathroom wall.

17.     At all material times the sink in the Plaintiff's stateroom bathroom was in a

condition unreasonably dangerous for passengers using the bathroom, including the Plaintiff, in

that it was insecurely attached or fastened to the bathroom wall, so that it detached from the wall

under foreseeable normal forces such as the Plaintiff's holding on to it as described in Paragraph

13.

18.     At all material times CARNIVAL knew or should in the exercise of reasonable care

have known of the dangerous insecure attachment of the sink in the Plaintiff's stateroom bathroom

and the resulting hazards to passengers using the bathroom, including the Plaintiff, due to the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Worley v. Carnival
Complaint

existence of the dangerous condition for a period long enough to invite discovery of the condition and corrective measures by CARNIVAL, the existence of prior similar incidents, or otherwise.

19.     Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the Plaintiff's bathroom and the sink therein as alleged above, CARNIVAL failed before the time the sink detached and the Plaintiff fell as alleged in Paragraph 13 above to take reasonable measures to maintain the bathroom and sink in a condition reasonably safe for passengers and was thereby negligent.  The specific acts of negligence included failure to conduct adequate and timely inspections of the stateroom bathroom and sink, failure timely to correct the dangerous condition at the time it was or should have been discovered, failure to maintain the stateroom bathroom and sink in a condition reasonably safe for passenger users such as the Plaintiff, and failure to cordon off the dangerous area or assign the Plaintiff to another stateroom pending repair or replacement of the defectively attached sink.

20.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN (DIRECT LIABILITY)

21.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-14 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Worley v. Carnival
Complaint

22.     At all material times, the Defendant CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps adequately to warn its passengers, including the Plaintiff, of dangerous conditions in stateroom bathrooms of which it knew or should have known in the exercise of reasonable care.

23.     At all material times the sink in the Plaintiff's stateroom bathroom was in a condition unreasonably dangerous for passengers using the bathroom, including the Plaintiff, in that it was insecurely attached or fastened to the bathroom wall, so that it detached from the wall under foreseeable normal forces such as the Plaintiff's holding on to it as described in Paragraph 13.

24.     At all material times CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous insecure attachment of the sink in the Plaintiff's stateroom bathroom and the resulting hazards to passengers using the bathroom, including the Plaintiff, due to the existence of the dangerous condition for a period long enough to invite discovery of the condition and corrective measures by CARNIVAL, the existence of prior similar incidents, or otherwise.

25.     Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the Plaintiff's bathroom and the sink therein as alleged above, CARNIVAL failed before the time the sink detached and the Plaintiff fell as alleged in Paragraph 13 above to take reasonable measures to warn the Plaintiff of the dangerous condition of the bathroom sink, through orally delivered or written warnings, appropriate markings or signage, cordoning off the dangerous area, or otherwise.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Worley v. Carnival
Complaint

26.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.


## COUNT III – NEGLIGENT MAINTENANCE (VICARIOUS LIABILITY)

27.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-14 above.

28.     At all material times, the Defendant CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the stateroom bathroom where she fell, and the sink therein, in a condition reasonably safe for passengers using the bathroom, including a duty to maintain the bathroom sink in such a condition that it did not detach unexpectedly from the bathroom wall.

29.     At all material times, Defendant CARNIVAL was vicariously liable for the negligent acts or omissions of its crewmembers while acting in furtherance of the business of the vessel, the CARNIVAL M/S "SENSATION."

30.     At all material times the sink in the Plaintiff's stateroom bathroom was in a condition unreasonably dangerous for passengers using the bathroom, including the Plaintiff, in that it was insecurely attached or fastened to the bathroom wall, so that it detached from the wall

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Worley v. Carnival
Complaint

under foreseeable normal forces such as the Plaintiff's holding on to it as described in Paragraph 13.

31.     At all material times CARNIVAL crewmembers onboard the CARNIVAL M/S "SENSATION" responsible for maintenance of stateroom bathrooms, including the crewmembers responsible for housekeeping, stateroom cleaning and maintenance, and onboard plumbing maintenance, were negligent in one or more of the following respects:

a.      They failed to conduct adequate and timely inspections of the Plaintiff's stateroom bathroom and the sink therein;

b.      They failed to maintain the sink in Plaintiff's stateroom bathroom properly;

c.      They failed to correct the dangerous condition of the bathroom sink in Plaintiff's bathroom upon discovering it or acquiring actual or constructive notice of it;

d.      They failed to cordon off the sink in Plaintiff's bathroom pending its repair or replacement;

e.      They failed to recommend reassigning the Plaintiff to a different stateroom pending repair or replacement of the bathroom sink.

32.     All negligent acts or omissions of the Defendant's crewmembers as alleged in the preceding paragraph occurred while those crewmembers were engaged in furtherance of the business of the CARNIVAL M/S "SENSATION," in particular the inspection and maintenance of the bathrooms in passenger staterooms.

33.     As a direct and proximate result of the negligence of Defendant's crewmembers alleged above, for which Defendant CARNIVAL is vicariously liable as alleged above, the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Worley v. Carnival
Complaint

Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

     **WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## <u>COUNT IV – NEGLIGENT FAILURE TO WARN (VICARIOUS LIABILITY)</u>

34.    The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-14 above.

35.    At all material times, the Defendant CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps adequately to warn its passengers, including the Plaintiff, of dangerous conditions in stateroom bathrooms of which it knew or should have known in the exercise of reasonable care.

36.    At all material times, Defendant CARNIVAL was vicariously liable for the negligent acts or omissions of its crewmembers while acting in furtherance of the business of the vessel, the CARNIVAL M/S "SENSATION."

37.    At all material times the sink in the Plaintiff's stateroom bathroom was in a condition unreasonably dangerous for passengers using the bathroom, including the Plaintiff, in that it was insecurely attached or fastened to the bathroom wall, so that it detached from the wall under foreseeable normal forces such as the Plaintiff's holding on to it as described in Paragraph 13.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Worley v. Carnival
Complaint

38.     At all material times CARNIVAL crewmembers onboard the CARNIVAL M/S "SENSATION" responsible for maintenance of stateroom bathrooms, including the crewmembers responsible for housekeeping, stateroom cleaning and maintenance, and onboard plumbing maintenance, were negligent in failing adequately to warn the Plaintiff of the dangerous condition of the bathroom sink in her stateroom through orally delivered or written warnings, appropriate markings or signage, cordoning off the dangerous area, or otherwise.

39.     All negligent acts or omissions of the Defendant's crewmembers as alleged in the preceding paragraph occurred while those crewmembers were engaged in furtherance of the business of the CARNIVAL M/S "SENSATION," in particular the inspection and maintenance of the bathrooms in passenger staterooms.

40.     As a direct and proximate result of the negligence of Defendant's crewmembers alleged above, for which Defendant CARNIVAL is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Worley v. Carnival
Complaint

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 4th day of October, 2021.

*s/NICHOLAS I. GERSON*
NICHOLAS I. GERSON
Bar Number No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749
Attorneys for Plaintiff

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com