UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-cv-23501-MORENO/GOODMAN

DORETHA WORLEY,
a citizen and resident of South Carolina,

      Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

      Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DE 6)

      Plaintiff DORETHA WORLEY through undersigned counsel responds in opposition to the

Motion to Dismiss Plaintiff's Complaint (DE 6) filed by Defendant CARNIVAL

CORPORATION.

### The Danger To Reasonable Passengers Including Ms. WORLEY Was Neither Open Nor Obvious

      Ms. WORLEY, a passenger on Defendant CARNIVAL's cruise vessel "SENSATION,"

was injured in her stateroom bathroom in the following manner, as alleged in Paragraph 13 of her

Complaint:

> On or about July 17, 2019, while the Plaintiff was in her stateroom bathroom, she
> held onto the bathroom sink to steady herself due to motion of the vessel. When
> she held onto the sink, it detached without warning from the bathroom wall, causing
> the Plaintiff to fall and sustain serious injuries.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*

(Complaint, DE 1 at 3 ¶13).

Ms. WORLEY thus succinctly alleges the mechanical cause of her injuries – she fell because the bathroom sink in her stateroom detached "without warning," causing her to fall.  She was touching the sink when it detached because she was holding onto it "to steady herself due to motion of the vessel."

CARNIVAL, among other arguments, asserts that it is not liable for Ms. WORLEY's injuries, apparently as a matter of law, either because it has no duty to provide passengers with sinks that do not detach or because the hazard of sink detachment was open and obvious to passengers such as Ms. WORLEY, also apparently as a matter of law.  A moment's reflection reveals the emptiness of these arguments.

A cruise vessel operator's duty of reasonable care includes compliance with minimal reasonable expectations for passenger staterooms.  This includes a minimal reasonable expectation that the bathroom facilities in the passengers' staterooms will be hygienic and functional, at least to standards seen in land based hotels or public facilities.  A cruise vessel does not comply with its duty of reasonable care by providing passengers with stateroom sinks that do not function as sinks, whether because they detach without warning or for other causes rendering them nonfunctional. CARNIVAL does have a duty to provide its passengers with reasonably functional bathroom sinks, including a duty to provide sinks attached securely enough that they do not detach "without warning" from the bathroom wall, and Ms. WORLEY has so alleged in her Complaint. *See* Complaint, DE 1 at 4 ¶16, 7 ¶16.

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*

CARNIVAL also suggests that the hazard of a detaching sink should somehow have been obvious to Ms. WORLEY as a matter of law. Ms. WORLEY alleges expressly, however, that the sink detached "without warning," i.e., there was no indication before it happened that the sink was about to detach. Ms. WORLEY also explained why she was holding the sink when it detached; she was holding it "to steady herself due to motion of the vessel." Motion of the vessel is a common occurrence on voyages, and it is foreseeable that passengers located in a stateroom bathroom when a movement occurs will hold onto a nearby object, such as a sink, to steady themselves when this occurs. What is not foreseeable or obvious, at least to a reasonable passenger without specialized knowledge of CARNIVAL's bathroom facilities, is that the normal and foreseeable act of grasping a sink to steady oneself, and the resulting normal and foreseeable limited force exerted on the sink, will cause it to detach without warning and fall. The Court should reject CARNIVAL's suggestions that the danger of a sudden detachment of the sink was somehow open or obvious to a reasonable passenger such as Ms. WORLEY, or that CARNIVAL lacked a duty to provide its passengers with reasonably safe bathroom facilities in their staterooms.

### **Ms. WORLEY, Like Other Plaintiffs, May Plead Alternative Causes of Action**

CARNIVAL objects that Ms. WORLEY alleges in the alternative that CARNIVAL has direct liability to her, for negligent maintenance of its stateroom bathrooms and for failure to warn, as well as vicarious liability for the negligence of its crewmembers, specifically those crewmembers responsible for "housekeeping," "stateroom cleaning and maintenance," and "onboard plumbing maintenance." (Complaint, DE 1, Counts I, II [direct liability]; Counts III, IV [vicarious liability]; DE 1 at 8 ¶31, 10 ¶38). Ms. WORLEY also alleges the specific negligent acts

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*

or omissions by the identified responsible crewmembers, including failure to conduct "adequate and timely inspection" of Ms. WORLEY's sink, to "maintain the sink," "correct" its dangerous condition, or to "recommend reassigning" passengers such as Ms. WORLEY to different staterooms pending repair of the sink. (DE 1 at 8 ¶¶31(a)-(c), (e)).Pleading in the alternative is a practice expressly authorized by the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure contemplate pleading alternative claims, theories or causes of action, whether or not the alternative theories are or can be factually or legally consistent with each other. As stated in Federal Rule of Civil Procedure 8(d)(2):

> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

Rule 8(d)(3) expressly authorizes even internally inconsistent pleading, providing that a "party may state as many separate claims or defenses as it has, regardless of consistency."

The Eleventh Circuit Court of Appeals follows Rules 8(d)(2) and 8(d)(3), holding that alternative or inconsistent pleading is permissible. *See United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1273-74 (11th Cir. 2009):

> Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims.  Thus, UTC's complaint is not subject to dismissal simply because it alleges that both Mazer, individually, and West-Hem committed the tortious conduct, even if it would be impossible for both to be simultaneously liable (which question of impossibility we need not, and do not, resolve).
> (footnotes omitted).

4

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*

The *Mazer* court applied the principle that alternative and inconsistent pleading is permissible to the specific practice of pleading alternative claims, one implicating vicarious liability and the other not. *Mazer* involved a claim for conversion of intellectual property in the form of blueprints. The Eleventh Circuit construed United Technologies' complaint as containing claims for the conversion both against Mazer in his individual capacity and Mazer in his capacity as President of corporate defendant West-Hem, thereby making West-Hem vicariously liable for his actions under a theory of respondeat superior. *Mazer*, 556 F.3d at 1272-74. As explained in the quote above, the *Mazer* court found this alternative pleading as to Mazer's capacity and West-Hem's vicarious liability under a respondeat superior theory perfectly permissible under Rule 8(d), even if the two theories were deemed inconsistent. Id. at 1273-74.

*Mazer* remains good law, both in general and as applied to the specific practice of pleading alternative claims for vicarious and non-vicarious liability. *See, e.g., Deroy v. Carnival Corp.*, 963 F.3d 1302, 1308n.7 (11th Cir. 2020)("Certainly, pleading in the alternative is permissible in federal court."); *Yusko v. NCL (Bah.) Ltd.*, 4 F.4[th] 1164, 1170(11th Cir. 2021)("A plaintiff is the master of his or her complaint and may choose to proceed under a theory of direct liability, vicarious liability, *or both*.")(emphasis added). Thus, pleading in the alternative is permissible, as is the specific practice of pleading alternatively claims implicating vicarious liability and claims in which vicarious liability is not at issue, just as Ms. WORLEY has done in this case.

CARNIVAL complains that the counts for direct and vicarious liability are redundant or duplicative. A corporation such as CARNIVAL is an artificial legal entity that inherently can act or omit to act only through its agents or employees. Thus, even in claims asserting direct corporate

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*

liability, a plaintiff necessarily implies a negligent act or omission by some employee or agent of the corporation. The reality that a corporation can act only through its agents or employees, however, whether the claims against it are pled as claims for direct or vicarious liability, does not mean as CARNIVAL suggests that the claims for direct and vicarious liability are duplicative or redundant.

As the *Yusko* court explained, when a passenger asserts a claim of direct liability against a cruise line, the passenger must plead and prove that the cruise line had actual or constructive notice of the risk-creating condition injuring the passenger and failed timely to act, in light of that knowledge, to correct or warn adequately of the condition. *See Yusko*, 4 F.4th at 1167, *citing Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). A passenger proceeding on a direct liability theory, however, need not plead or prove that any specific crewmember or category of crewmembers acted negligently, since the duties creating potential direct liability are the duties of the cruise line itself, as an entity, not the duties of individual crewmembers. *Yusko*, 4 F.4th at 1169 ("In all these cases, the notice requirement governed because the passengers alleged wrongdoing by the shipowner itself."). Even though a cruise line breaching its duty adequately to maintain its premises or warn of risk-creating conditions necessarily acts or omits to act through the crewmembers who knew or should have known of the danger, the liability is still considered direct since the duty breached is the duty of the cruise line itself, as a corporation.

As the *Yusko* court also pointed out, a claim of vicarious liability rests on an entirely different legal basis than a claim of direct liability, even if it arises out of the same events or occurrences as a parallel direct liability claim. A claim of vicarious liability does not assert that

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*

the cruise line, as an entity, breached any duty at all; the claim of vicarious breach of duty is a claim that a specified crewmember or crewmembers breached their own duties to passengers, and that they did so while acting in furtherance of the business of the vessel on which they were employed. *See Yusko*, 4 F.4th at 1169:

> But the scope of a shipowner's duty has nothing to do with vicarious liability, which is not based on the shipowner's conduct. When the tortfeasor is an employee, the principle of vicarious liability allows "an otherwise non-faulty employer" to be held liable "for the negligent acts of [that] employee acting within the scope of employment." *Langfitt v. Fed. Marine Terminals, Inc., 647 F.3d 1116, 1121 (11th Cir. 2011)*. Unlike a party that is directly liable for a tort, a party that is vicariously liable "has not committed any breach of duty to the plaintiff but is held liable simply as a matter of legal imputation of responsibility for another's tortious acts." <u>Restatement (Third) of Torts: Apportionment Liab. §13 cmt. b</u> (2000). … In other words, an employer can be held liable under a vicarious liability theory even if it has not violated any duty at all.
> *Yusko*, 4 F.4th at 1169 (some citations omitted).

*See also Zuniga v. TMF, Inc.*, 261 F. Supp 2d 518, 524 (E.D. Va. 2003)(recognizing potential vicarious liability for negligent acts or omissions of crewmembers acting "in furtherance of the vessel owner's business ... .").

When a passenger asserts a claim that the cruise line is vicariously liable for negligent acts or omissions of crewmembers, the passenger need not plead or prove that the cruise line had actual or constructive notice of any dangerous condition. *Yusko*, 4 F.4th at 1166 ("Our precedent assumes-and today we expressly hold-that when a passenger makes a maritime negligence claim against a shipowner based on an employee's negligence under a theory of vicarious liability, the passenger need not establish that the shipowner had actual or constructive notice of a risk-creating

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*

condition."). The passenger must instead, however, plead that a specified crewmember or group of crewmembers was negligent, although it does not appear necessary to identify them by name as opposed to identifying them by their position or task on the ship, as Ms. WORLEY did in this case. *See Hodson v. MSC Cruises, S.A.*, 2021 U.S. Dist. LEXIS 145386 at **33-34, 2021 WL 3639752, 2021 AMC 352 (S.D. Fla. Case No. 20-22463-CIV-MORENO/GOODMAN, August 2, 2021)("If the unnamed, uniform-wearing employee was an MSC employee and Plaintiff can establish this employment status, then Plaintiff's inability to also name the MSC employee may not be fatal to the vicarious liability claim.")  When a passenger cannot identify the negligent crewmember or crewmembers even by role or activity, a vicarious liability claim will not be available, but a direct liability claim may be. *See Yusko*, 4 F.4th at 1170 (a passenger is "limited to a theory of direct liability" when that passenger is "not … able to identify any specific employee whose negligence caused [the] injury.").

Citing *Britt v. Carnival Corp.*, 2021 U.S. Dist. LEXIS 248263, 2021 WL 6138848 (S.D. Fla. Case No. 1:21-cv-22726-KMM, December 29, 2021) CARNIVAL argues that when a passenger's injury results from negligence, whether corporate or individual, in failing to correct or warn of a dangerous condition, the passenger may bring only a claim for direct liability without any alternative claim for vicarious liability.  A proper reading of *Yusko*, however, indicates that the Eleventh Circuit did contemplate circumstances under which passengers could bring alternative direct and vicarious liability claims arising out of the same set of facts.  For example, as the *Yusko* court acknowledged, the passengers both in *Keefe* and in *Yusko* were injured while dancing onboard a cruise vessel. *Yusko*, 4 F.4th at 1170.  One was a case of direct liability and the

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*

other of vicarious liability, not because of any essential difference in the events leading to injury, but simply because of Keefe's inability or unwillingness to plead that identified crewmembers acting in furtherance of vessel business were responsible for the injury. An injury from onboard dancing could be attributed to the cruise line directly, requiring pleading and proof of notice, or to the negligence of a crewmember or crewmembers supervising the dancing, requiring identification of the crewmembers responsible but not pleading or proof of notice.

Similarly, an action for negligent maintenance of a vessel or negligent failure to warn of an onboard risk-creating condition may be framed as a breach of duty by the cruise line itself, implicating direct liability and the need to plead and prove notice, or as an injury arising from an identified crewmember or crewmembers' failure to inspect, maintain, repair, or warn, in which case the duties breached will be those of the crewmembers and the cruise line's liability will be vicarious. In such a case, the passenger plaintiff remains "the master of his or her complaint," and may bring the claims either for breach of the cruise line's own duties, to impose vicarious liability for a breach of duty by a crewmember or crewmembers, or to assert both types of claims alternatively as in *Mazer*.

Ms. WORLEY in this case has pled her claims alternatively as claims of direct liability against CARNIVAL and as claims of CARNIVAL's vicarious liability for breaches of duty by crewmembers. These crewmembers are identified as those with the specific relevant responsibilities to passengers, specifically "housekeeping," "stateroom cleaning and maintenance," and "onboard plumbing maintenance," and their specific negligent acts and omissions are identified. (DE 1 at 8 ¶31, 10 ¶38). Ultimately, Ms. WORLEY may be unable to

9

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*

prove either or both types of claim, but for pleading purposes she is entitled to bring her claims alternatively, even if they are deemed inconsistent.

### Ms. WORLEY In Her Direct Liability Counts Has Made Allegations Of Notice Plausible On Their Face

CARNIVAL objects that in Counts I and II, alleging claims of direct liability on the part of CARNIVAL, Ms. WORLEY has not sufficiently alleged the required element of actual or constructive notice. As explained above, the Eleventh Circuit has recently held that pleading and proof of notice is not necessary in counts alleging vicarious liability, such as Counts III and IV of Ms. WORLEY's Complaint. *See Yusko*, 4 F.4th at 1166.

Rule 8(a), Federal Rules of Civil Procedure, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard does not require a comprehensive recitation in the pleading of all potential evidence in support of a claim. The Rule 8(a) standard merely requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleading of a claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. What is required is not a showing of "probability" at the pleading stage, but "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Twombly*, 550 U.S. at 556.

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*

The *Iqbal* Court suggested that in ruling on a motion to dismiss, a district court should disregard allegations that are pure conclusions and consider the allegations of fact. "When there are well-pleaded factual allegations," a court ruling on a Rule 12(b)(6) motion "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court may also consider "obvious" alternative explanations for the events alleged suggesting lawful conduct. *American Dental Association v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010), *citing Twombly*, 550 U.S. at 567. Under the *Iqbal/Twombly* standards, the court should "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Randall*, 610 F.3d at 705.

A direct liability claim against a cruise line requires pleading and proof of actual or constructive notice. "Constructive" notice may be established through proof that a condition was present for a "sufficient period of time to invite corrective measures," whether or not the cruise had actual notice of it. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 722 (11th Cir. 2019), *citing Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988). Constructive notice may be established through proof of prior substantially similar (although not necessarily identical) incidents. *See Sorrels*, 796 F.3d at 1287 ("The 'substantial similarity' doctrine does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence."). Ms. WORLEY alleges these sources of constructive notice in her direct liability counts. (DE 1 at 4-5 ¶18, 6 ¶24).

CARNIVAL objects that the pleading regarding the length of time the relevant condition (the inadequately attached sink) had existed and the occurrence of prior similar incidents is

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*

conclusory.  However, in the absence of inspection records from the "SENSATION" or records of prior sink detachment incidents on the SENSATION or other similar vessels, it is not possible for Ms. WORLEY to know or allege with precision exactly how long the sink had been in its insecurely attached condition or how many prior incidents of sink detachment had occurred on the SENSATION or its sister ships.

It is plausible, however, that CARNIVAL has housekeeping staff who regularly inspect and clean staterooms, including the stateroom sinks, and who in this process would or, if exercising reasonable care, should, notice conditions such as an insecurely attached sink.  The presence of the defective sink onboard, in a passenger cabin that is, or should be, regularly and competently inspected, distinguishes this case from *Moseley v. Carnival Corporation*, 593 Fed. App'x 890 (11th Cir. 2014).  Ms. Moseley, like Ms. WORLEY in this case, was injured when a bathroom sink dislodged.  Ms. Moseley, however, was using a restroom in a port, not the one in her stateroom or one on board at all. She was therefore unable to allege any facts regarding Carnival's knowledge or lack of knowledge of the conditions in a restroom it did not maintain or control. *Moseley*, 593 Fed. App'x at 891, 893.  In Ms. WORLEY's case, however, the defective sink at issue was onboard CARNIVAL's own vessel and located in a passenger stateroom CARNIVAL anticipated would be used by passengers and accordingly had a duty to maintain and inspect.  Ms. WORLEY therefore can and has alleged that CARNIVAL either knew or should have known of the defective condition of the sink before it detached, a plausible inference under the circumstances.  She has pled those facts supporting an inference of notice that are and reasonably can be in her possession at this point.

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*


## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this February 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

                        **By:**

                        *__s/ Edward S. Schwartz__*
                        Edward S. Schwartz, Esq.
                        Florida Bar No. 346721
                        eschwartz@gslawusa.com
                        Philip M. Gerson, Esq.
                        Florida Bar No.: 127290
                        pgerson@gslawusa.com
                        Nicholas I. Gerson, Esq.
                        Florida Bar No. 20899
                        ngerson@gslawusa.com
                        David L. Markel, Esq.
                        Florida Bar No. 78306
                        dmarkel@gslawusa.com
                        Gerson & Schwartz, P.A.
                        1980 Coral Way
                        Miami, Florida 33145
                        Telephone:
                        Facsimile:
                        *Attorneys for Plaintiff*

*Worley v. Carnival Corp.*
*Case No. 21-cv-23501-MORENO/GOODMAN*

### SERVICE LIST

### CASE NO. 21-cv-223501-MORENO/GOODMAN

| | |
|---|---|
| **Philip M. Gerson, Esq.**<br>Florida Bar No. 127290<br>pgerson@gslawusa.com<br>**Nicholas I. Gerson, Esq.**<br>Florida Bar No. 20899<br>ngerson@gslawusa.com<br>**Edward S. Schwartz, Esq.**<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>**David L. Markel, Esq.**<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>Gerson & Schwartz, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone: (305) 371-6000<br>Facsimile: (305) 371-5749<br>***Attorneys for Plaintiff*** | **Jeffrey E. Foreman, Esq.**<br>Florida Bar No. 0240310<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>**Michael Gordon, Esq.**<br>Florida Bar No. 0149284<br>mgordon@fflegal.com<br>**Clyde Dunton-Gallagher, Esq.**<br>Florida Bar No. 122012<br>cgallagher@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2300<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>***Attorneys for Defendant*** |