UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 21-23501-CIV-MORENO

Doretha Worley,

    Plaintiff,

vs.

Carnival Corporation, doing business as
Carnival Cruise Lines,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

In this case, Doretha Worley brings four negligence claims against Carnival Corporation. Counts I and II are for negligent maintenance and failure to warn, respectively. Both are under the heading of "direct liability." Counts III and IV are also for negligent maintenance and failure to warn, but under the heading of "vicarious liability." Before the Court is Carnival's motion to dismiss for failure to state a claim.

The motion is granted as to Counts III and IV; those counts are therefore dismissed with prejudice. The motion is denied as to Counts I and II, however, with leave to re-file, following the completion of limited discovery on the issue of Carnival's notice.

### I.    Background

Worley was a passenger aboard Carnival's M/S Sensation in July 2019. She was standing in her room's restroom when the vessel experienced a sudden movement. To steady herself, she held onto the sink which detached from the bathroom wall "without warning," causing her to sustain serious injuries.

## II. Legal Standard

Carnival has moved to dismiss the complaint for failure to state a claim upon which reliefe can be granted. Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion, a complaint must allege sufficient factual matter that, taken as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations are accepted as true and construed in a light most favorable to the plaintiff; conclusory assertions and unwarranted deductions of fact are not. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. Analysis

There are two main issues relevant to the motion to dismiss: (1) whether Worley may plead failure to maintain and failure to warn claims under vicarious liability, as she has attempted in Counts III and IV; and (2) with respect to all counts, whether Worley has sufficiently pled that Carnival was on notice of the alleged dangerous condition.

### A. Vicarious Liability (Counts III and IV)

The first issue comes down to the correct application of the Eleventh Circuit's decision in *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164 (11th Cir. 2021). Ordinarily, a cruise is only liable for a risk-creating condition if it has actual or constructive notice of the condition. However, in *Yusko*, the Eleventh Circuit held that a passenger needn't allege the cruise's notice when seeking to hold the cruise vicariously liable for the negligent acts of its employees. *Id.* at 1170.

In that case, the plaintiff participated in a dance competition on the ship, in which she was paired with one of the crewmembers. Shortly after the crewmember began to dance with the plaintiff, she fell backward and sustained injuries. She then filed a negligence action against the cruise, seeking to hold it liable for the negligence of the crewmember. The Eleventh Circuit said

that the plaintiff did not need to allege that the cruise had notice of the crewmember's negligent acts. The court explained: "When the tortfeasor is an employee, the principle of vicarious liability allows an otherwise non-faulty employer to be held liable for the negligent acts of that employee acting within the scope of employment." *Id.* at 1169.

Nevertheless, Carnival argues that Eleventh Circuit precedent still requires notice in premises liability cases; *Yusko*, which was not a premises liability case, did not eliminate this requirement. Indeed, Carnival says, *Yusko* explicitly noted that notice would still be required when a passenger seeks to "hold a shipowner liable for maintaining dangerous premises." *Id.* As a result, Carnival urges that Counts III and IV must be dismissed.

Two judges in this district have recently taken the same view. In one order, Judge Moore explained: "Under *Yusko*, claims for negligent maintenance and failure to warn are limited to a theory of direct liability, which requires notice." *Britt v. Carnival Corp.*, 2021 WL 6138848, at *5 (S.D. Fla. Dec. 29, 2021) (simplified). This is because the Eleventh Circuit in *Rusko* said "common sense suggests that there will be . . . occasions where passengers are limited to a theory of direct liability," with premises liability claims being an example. *Id.* at *4 (citing *Yusko*, 4 F.4th at 1170). In another order, Chief Judge Altonaga ageed. She concluded: "*Yusko* reaffirmed that negligent maintenance and failure to warn claims are limited to a theory of direct liability." (D.E. 14, Ex. A at 3).

In response to all this, Worley asserts that she is simply pleading claims in the alternative: Pleading alternative and inconsistent claims is approved by both the Federal Rules of Civil Procedure as well as Eleventh Circuit precedent. Specifically, Worley points to *United Technologies Corporation v. Mazer*, in which the court allowed both direct and vicarious

liability claims to go forward. 556 F.3d 1260 (11th Cir. 2009). Though *Mazer* was not a negligence case.

Worley appears to concede that a cruise line's failure to maintain and failure to warn are direct liability claims "since the duty breached is the duty of the cruise line itself, as a corporation." (D.E. 10 at 6). She nevertheless asserts that these claims are available as vicarious liability because "vicarious liability rests on an entirely different legal basis." Worley then goes on to explain the doctrinal difference between a direct liability claim and a vicarious liability claim. But Carnival does not dispute that these are different legal concepts—it contends that Worley's claims are not in nature vicarious liability claims and thus may not be brought as such. And Worley does not meaningfully contend with *Yusko*'s language indicating that her claims here are of a direct liability nature.

For these reasons, Counts III and IV are dismissed with prejudice.

**B.  Direct Liability and Notice**

Because Worley's claims are direct liability claims and therefore require notice, the second and only remaining issue is whether Worley has adequately pled that Carnival was on notice of the alleged dangerous condition.

By way of background: To state a claim for negligence, the plaintiff must allege that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a risk-creating condition, at least where, as here, the menace is

one commonly encountered on land and not clearly linked to nautical adventure." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (simplified).

Carnival argues that Worley has not adequately pled notice because her complaint contains only conclusory assertions on the matter. *See, e.g., Cisneros v. Carnival Corp.*, 2020 WL 376695, at *2 (S.D. Fla. Jan. 23, 2020). And Carnival adds that Worley's allegation about prior incidents is wholly deficient because no details about the prior inciedents are alleged. *See, e.g., Donaldson v. Carnival Corp.*, 2020 WL 6801883, at *3 (S.D. Fla. Nov. 19, 2020) ("[T]he Plaintiff simply states that such prior incidents and complaints exist without providing more. Certainly, it is possible that such complaints exist, but that does not mean the Plaintiff has met its burden in satisfaction of federal pleading standards.").

While Carnival's argument has force, and appears consistent with case law, the Court denies it without prejudice at this time. The parties are ordered to complete limited discovery targeted at whether Carnival plausibly had actual or constructive notice of the alleged dangerous condition. Discovery shall be completed and an amended complaint filed by May 2, 2022. Carnival's response to the complaint is due May 17. If the response is a renewed motion to dismiss, Worley's opposition is due June 10 and Carnival's reply on June 17. The Court will then rule on the motion before the end of June. No extensions will be granted under any circumstances.

DONE AND ORDERED in Chambers at Miami, Florida, this 21 of March 2022.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record