UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-CV-23501-MORENO/GOODMAN

DORETHA WORLEY,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, CARNIVAL CORPORATION (hereinafter "Carnival" or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint (D.E. 19) as follows:

### JURISDICTION, VENUE AND PARTIES

    1.    Without knowledge and therefore, denied.

    2.    Without knowledge and therefore, denied.

    3.    Admitted only that this Court has personal jurisdiction over Carnival. All else is denied.

    4.    Admitted only that this Court has subject matter jurisdiction over Carnival. All else is denied.

    5.    Admitted only that this Court has personal jurisdiction over Carnival. All else is denied.

    6.    Admitted only that venue is proper. All else is denied.

7. Admitted for purposes of this litigation only that Carnival operated the *Sensation* on the date of Plaintiff's alleged incident. All else is denied.

8. Admitted only that venue is proper and that there is a forum selection clause in the subject passenger ticket contract. All else is denied.

9. Admitted only that venue is proper. All else is denied.

10. Admitted only that an incident report created at the direction of counsel and in anticipation of litigation, and written medical records were prepared on the ship. All else is denied.

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

11. Admitted for purposes of this litigation only that Carnival operated the *Sensation* on the date of Plaintiff's alleged incident. All else is denied.

12. Admitted only that Plaintiff was a fare-paying passenger on the *Sensation* on the date of Plaintiff's alleged incident. All else is denied.

13. Denied.

14. Denied.

## COUNT I – NEGLIGENT MAINTENANCE

15. Defendant, Carnival, hereby adopts and re-alleges its responses to the allegations set forth in paragraphs 1 through 14, above, as if fully incorporated herein.

16. Denied as an incorrect and incomplete statement of the law.

17. Denied.

18. Denied.

   a. Admitted only that on January 10, 2019, a passenger reported falling after holding on to her stateroom bathroom sink on the Carnival *Inspiration* (a different vessel) when the ship was purportedly rocking. All else is denied.

      b.      Admitted only that Carnival has stateroom cleaning procedures. All else is denied.

      19.      Denied.

      20.      Denied.

## COUNT II – NEGLIGENT FAILURE TO WARN

      21.      Defendant, Carnival, hereby adopts and re-alleges its responses to the allegations set forth in paragraphs 1 through 14, above, as if fully incorporated herein.

      22.      Denied as an incorrect and incomplete statement of the law.

      23.      Denied.

      24.      Denied.

      b.      Admitted only that Carnival has stateroom cleaning procedures. All else is denied.[1]

      a.      Admitted only that on January 10, 2019, a passenger reported falling after holding on to her stateroom bathroom sink on the *Inspiration* (a different vessel) when the ship was purportedly rocking. All else is denied.

      25.      Denied.

      26.      Denied.

Defendant denies any allegations contained in the Amended Complaint which are not specifically admitted.

---

[1] Plaintiff's Amended Complaint contains a typographical error as it is misnumbered.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As its first affirmative defenses to Plaintiff's Amended Complaint, Carnival assert that Plaintiff's claims are governed by general maritime law and that any recovery is limited by same.

### SECOND AFFIRMATIVE DEFNESE

As its second affirmative defense to Plaintiff's Amended Complaint, Carnival asserts that this action is governed by, and subject to, the terms, limitations, and conditions contained within Plaintiff's passenger ticket contract. Carnival adopts and incorporates all the terms, limitations, and conditions contained in the passenger ticket contract in its entirety into its Answer by reference.

### THIRD AFFRIMATIVE DEFENSE

As its third affirmative defense to Plaintiff's Amended Complaint, Carnival asserts that Plaintiff did not exercise ordinary care, caution, or prudence for her welfare to avoid the happening of the alleged incident, injuries, or damages, if any, the existence of which Carnival expressly denies, and by this failure to do so, Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which Carnival expressly denies. Based on Plaintiff's own negligence, her claims are barred in their entirety and/or any claimed damages should be reduced by a percentage of Plaintiff's own comparative fault.

### FOURTH AFFIRMATIVE DEFENSE

As its fourth affirmative defense to Plaintiff's Amended Complaint, Carnival assert that it did not have actual and/or constructive notice of the alleged dangerous condition, if any, and therefore Plaintiff cannot recover.

**FIFTH AFFIRMATIVE DEFENSE**

As its fifth affirmative defense to Plaintiff's Amended Complaint, Carnival asserts that it fully discharged its duties to Plaintiff by warning of all dangerous or hazardous conditions, if any.

**SIXTH AFFIRMATIVE DEFENSE**

As its sixth affirmative defense to Plaintiff's Amended Complaint, Carnival asserts that the alleged dangerous condition, if any, was apparent, open and obvious to Plaintiff and could and should have been observed by Plaintiff through the ordinary use of her senses.

**SEVENTH AFFIRMATIVE DEFENSE**

As its seventh affirmative defense to Plaintiff's Amended Complaint, Carnival asserts that the incident alleged in the Amended Complaint was not the proximate cause of Plaintiff's alleged injuries and damages.

**EIGHTH AFFIRMATIVE DEFENSE**

As its eighth affirmative defense to Plaintiff's Amended Complaint, Carnival asserts that Plaintiff failed to act timely and reasonably in exercising care and diligence to avoid loss and to minimize damages. Therefore, Plaintiff's recovery, if any, should be reduced by her failure to mitigate damages.

**NINTH AFFIRMATIVE DEFENSE**

As its ninth affirmative defense to Plaintiff's Amended Complaint, Carnival asserts that Plaintiff's claims are barred due to Plaintiff's knowing misuse of the subject stateroom bathroom sink.

**TENTH AFFIRMATIVE DEFENSE**

As its tenth affirmative defense to Plaintiff's Amended Complaint, Carnival asserts that Plaintiff's injuries and damages, if any, were the result of a pre-existing injury or illness, which

was not aggravated by the alleged incident herein and Plaintiff, to the extent she recovers, is only entitled to reimbursement for the degree of aggravation, and any recovery obtained herein, must be reduced and limited to that degree of aggravation.

## ELEVENTH AFFIRMATIVE DEFENSE

As its eleventh affirmative defense to Plaintiff's Amended Complaint, Carnival is informed and believes and herein asserts that it is not legally responsible in any fashion with respect to damages and injuries alleged by Plaintiff in the Amended Complaint; however, in the event Carnival is held liable, said liability which Carnival expressly denies, would be due in whole or in part to the breach of warranty, acts, omissions, activities, carelessness, recklessness, and/or negligence of others.

## TWELFTH AFFRIMATIVE DEFENSE

As its twelfth affirmative defense to Plaintiff's Amended Complaint, Carnival asserts that Plaintiff's claimed injuries and damages, if any, were the result of intervening and superseding cause(s) for which Carnival cannot be held liable.

Carnival reserves the right to amend and/or supplement its Affirmative Defenses as more facts become known through the course and scope of discovery.

**WHEREFORE**, Defendant, CARNIVAL CORPORATION, having fully answered Plaintiff's Amended Complaint, demands judgment in its favor, and such other relief as this Court deems appropriate.

Dated: May 17, 2022
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, P.A.**

By: */s/ Michael C. Gordon*
Jeffrey E. Foreman, Esq. (FBN 0240310)

Jforeman@fflegal.com
Michael C. Gordon, Esq. (FBN 0149284)
mgordon@fflegal.com
Lindsay K. Sweeley, Esq. (FBN 1032003)
lsweeley@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 358-6555/Fax: (305) 374-9077
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on May 17, 2022. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By:   */s/ Michael C. Gordon*
        Michael C. Gordon, Esq.

## **SERVICE LIST**

*DORETHA WORLEY V. CARNIVAL CORPORATION, a foreign corporation d/b/a CARNIVAL CRUISE LINE*
United States District Court, Southern District of Florida
Case No.: 21-CV-23501

| | |
|---|---|
| **Philip M. Gerson, Esq.** | **Jeffrey E. Foreman, Esq.** |
| Florida Bar No.: 127290 | Florida Bar No.: 0240310 |
| pgerson@gsusalaw.com | jforeman@fflegal.com |
| **Nicholas I. Gerson, Esq.** | **Michael C. Gordon, Esq.** |
| Florida Bar No.: 20899 | Florida Bar No.: 149284 |
| ngerson@gsuslaw.com | mgordan@fflegal.com |
| **Edward S. Schwartz, Esq.** | **Lindsay K. Sweeley, Esq.** |
| Florida Bar No.: 346721 | Florida Bar No.: 1032003 |
| eschwartz@gsusalaw.com | lsweeley@fflegal.com |
| **David L. Markel, Esq.** | FOREMAN FRIEDMAN, P.A. |
| Florida Bar No.: 78306 | One Biscayne Tower, Suite 2300 |
| dmarkel@gsusalaw.com | 2 South Biscayne Boulevard |
| filing@gsusalaw.com | Miami, Florida 33131 |
| GERSON & SCHWARTZ, P.A. | Telephone: (305) 358-6555 |
| 1980 Coral Way | Facsimile: (305) 379-9077 |
| Miami, Florida 33145 | *Attorneys for Defendant* |
| Telephone: (305) 371-6000 | |
| Facsimile: (305) 371-5749 | |
| *Attorneys for Plaintiff* | |

**FOREMAN FRIEDMAN, P.A.**, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077