UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **21-23501-CIV-MORENO**

DORETHA WORLEY,

      Plaintiff,

vs.

CARNIVAL CORPORATION, doing business
as CARNIVAL CRUISE LINES,

      Defendant.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE GOODMAN'S REPORT AND RECOMMENDATIONS ON DEFENDANT'S MOTION TO STRIKE AND/OR PRECLUDE PLAINTIFF'S TREATING PHYSICIANS FROM GIVING EXPERT OPINIONS BASED ON INSUFFICIENT EXPERT DISCLOSURES

THE MATTER was referred to the Honorable Jonathan Goodman, United States Magistrate Judge, for a Report and Recommendation on Defendant's Motion to Strike and/or Preclude Plaintiff's Treating Physicians from Giving Expert Opinions Based on Insufficient Expert Disclosures, filed on **November 9, 2022**. The Magistrate Judge filed a Report and Recommendation (**D.E. 48**) on **January 27, 2023**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues presented in the Magistrate Judge's Report and Recommendation. The Court notes that no objections have been filed and the time for doing so has now passed.

This Order concerns a cruise ship passenger plaintiff who failed to adequately comply with expert witness disclosure requirements for non-retained treating doctors. Plaintiff Doretha Worley did not supplement her required disclosures even after the Defendant cruise ship operator alerted her counsel to the omission and unsuccessfully requested supplemental, compliant disclosures.

In her expert witness disclosure, Plaintiff disclosed the following treating physicians as "hybrid" treating physicians who may offer opinion testimony arising out of their treatment of the Plaintiff: David M. Lang, D.O.; Bismark Amoah Apraku, M.D.; and William T. Felmly, M.D. With respect to Dr. Lang, Plaintiff explained that he is board certified in emergency medicine and "is expected to testify about the treatment set forth in the Plaintiff's medical records." However, no further detail was provided. Although Plaintiff's disclosure for Dr. Apraku was significantly longer, the substantive tenor was to simply list broad topics not tethered to the actual medical facts surrounding Plaintiff's past and future treatment. And Plaintiff's disclosure for Dr. Felmly is, other than a change in the name of the physician and the specialty, identical to the one for Dr. Apraku. None of the three treating doctors provided expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and neither of those doctors nor Plaintiff's counsel provided summaries of the physicians' opinions pursuant to Federal Rule of Civil Procedure 26(a)(2)(C).

Because Plaintiff seeks to have Dr. Lang to provide opinion testimony concerning the cause of her injuries, Plaintiff, at a minimum, was required to provide a disclosure that satisfied Rule 26(a)(2)(C). But the sole disclosure concerning Dr. Lang, which states that he "is expected to testify about the treatment set forth in the Plaintiff's medical records" falls well short of satisfying Rule 26(a)(2)(C). *Small v. Amgen, Inc.*, No. 212CV476FTMPAMMRM, 2017 WL 5443912, at *4 (M.D. Fla. Feb. 15, 2017) ("[T]he Court finds that [the] [p]laintiffs' purported summaries and vague references to medical records do not come close to satisfying the disclosure requirement imposed by Fed. R. Civ. P. 26(a)(2)(C)(ii)."); *Heard v. Town of Camp Hill*, No. 316CV00856WKWGMB, 2017 WL 3622781, at *3 (M.D. Ala. Aug. 23, 2017) (finding the plaintiff's disclosures inadequate because the plaintiff "[had] done little more than sketch out the broad contours of the subjects about which his experts [would] testify" and therefore "ha[d] [not]

linked those opinions to the facts on which they [were] based, as required by Rule 26(a)(2)(C)").

Admittedly, Plaintiff's disclosures with respect to Dr. Apraku and Dr. Felmly are significantly longer than the one sentence disclosure provided for Dr. Lang, However, these disclosures fail to disclose anything of substance. Instead, the disclosures merely list the topics of possible opinions which Dr. Apraku and Dr. Felmly might render without disclosing the actual opinions or tethering them to the specific facts of the case. *Carideo v. Whet Travel, Inc.*, No. 16-23658-CIV, 2018 WL 1367444, at *12–13 (S.D. Fla. Mar. 16, 2018) (finding noncompliance with Rule 26(a)(2)(C) for treating physician where disclosure was a "laundry list of every conceivable topic on which a doctor might opine on in any type of case" and not a summary of a specific treating doctor's opinion). And simply saying that these doctors will have some type of opinion "without revealing the actual opinion" is "tantamount to saying nothing at all." *Kroll v. Carnival Corp.*, No. 19-23017, 2020 WL 4926423 at *4 (S.D. Fla. Aug. 20, 2020). Thus, neither the Defendant nor anyone else reviewing these disclosures would know anything about the opinions that Dr. Apraku and Dr. Felmly may offer in this case.

As a final matter, Plaintiff has not demonstrated substantial justification for her inadequate expert witness disclosures. In fact, Plaintiff has not even attempted to establish substantial justification or that the violation was harmless, as she argues that the disclosures were compliant. As outlined above, however, the Court disagrees. None of the disclosures for any of the three treating physicians were compliant with the Rule 26 expert witness disclosure obligations.

For these reasons, and being otherwise fully advised in the premises, it is **ADJUDGED** that Magistrate Judge Goodman's Report and Recommendation is **AFFIRMED** and **ADOPTED**.

Accordingly, it is **ADJUDGED** that Defendant's Motion to Strike and/or Preclude Plaintiff's Treating Physicians from Giving Expert Opinions Based on Insufficient Expert

Disclosures is **GRANTED in part**.

Specifically, Plaintiff's three treating physicians (David M. Lang, D.O.; Bismark Amoah Apraku, M.D.; and William T. Felmly, M.D.) are permitted to testify as lay witnesses regarding their treatment and observations about Plaintiff's condition and her course of treatment. However, they are precluded from offering previously undisclosed expert opinions about causation, disability, permanency of injuries, prognosis, the reasonableness of past medical costs and the need/cost of future medical care.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th of April 2023.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Jonathan Goodman

Counsel of Record