UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 21-23501-CIV-MORENO**

DORETHA WORLEY,

   Plaintiff,

vs.

CARNIVAL CORPORATION, doing business
as CARNIVAL CRUISE LINES,

   Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE
GOODMAN'S REPORT AND RECOMMENDATIONS ON
DEFENDANT'S *DAUBERT* MOTION AS TO DR. DAVID LANG**

THE MATTER was referred to the Honorable Jonathan Goodman, United States Magistrate Judge, for a Report and Recommendation on Defendant's *Daubert* Motion as to Dr. David Lang, filed on **November 28, 2022**. The Magistrate Judge filed a Report and Recommendation (**D.E. 49**) on **January 30, 2023**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues presented in the Magistrate Judge's Report and Recommendation. The Court notes that no objections have been filed and the time for doing so has now passed.

This Order concerns Defendant Carnival Corporation's request, under the *Daubert* rule, to exclude opinion testimony from Dr. David Lang, an emergency room doctor in Miami, who treated Plaintiff Doretha Worley after she was injured when she allegedly grabbed onto a stateroom bathroom sink while getting up from the toilet and fell when the sink detached from the wall.

As an initial matter, Dr. Lang's purported causation opinion is inadmissible under *Daubert* and Federal Rule of Evidence 702 because it is speculative and unreliable. Dr. Lang did not testify

during his deposition that Plaintiff's claimed L1 fracture (or back pain) was causally related to the subject incident. Instead, Dr. Lang testified that it was his "***assumption***" that Plaintiff presented with acute back pain and had an acute fracture. An assumption, however, is not a medical opinion based on a reasonable degree of medical certainty, so it is not an opinion. Rather, it is unreliable speculation that must be excluded.

To make matters worse, Dr. Lang did not review any of Plaintiff's medical records pre-dating the subject incident prior to forming a purported causation opinion. And Dr. Lang was also unaware that Plaintiff had prior complaints of back pain, previously wore a back brace and had at least two falls before she fell in the stateroom bathroom aboard the Carnival *Sensation* ship. Because Dr. Lang failed to review Plaintiff's prior medical history before forming his purported causation opinion, he did not perform a differential diagnosis to rule out potential alternative causes of Plaintiff's alleged injuries. *See Williams v. Mosaic Fertilizer, LLC*, 889 F.3d 1239, 1245 (11th Cir. 2018) (finding one of the most significant problems with an expert's report being the "failure to meaningfully rule out other potential causes of [the plaintiff's] medical conditions"). Indeed, there is no evidence that Dr. Lang even *considered* any alternative causes for Plaintiff's claimed injuries. *Morrow v. Brenntag Mid-S., Inc*., 505 F. Supp. 3d 1287, 1291-93 (M.D. Fla. 2020) (expert was precluded from proffering causation opinion for failing to review the plaintiff's prior medical records and not sufficiently addressing alternative causes to the plaintiff's claimed injuries). Accordingly, Dr. Lang's purported causation opinion is inadmissible because it was not based on sufficient facts and was not derived with a reliable methodology.

Dr. Lang's purported causation opinion would also be unhelpful to the jury under Rule 702(a) because he did not opine to a reasonable degree of medical certainty that the subject incident caused Plaintiff's claimed injuries. *Wheat v. Sofamor, S.N.C*., 46 F. Supp. 2d 1351, 1358 (N.D.

Ga. 1999) (expert medical testimony excluded as unhelpful and irrelevant because expert could not state to a reasonable degree of medical certainty that pedicle screws that were the subject of the lawsuit caused the plaintiff's pain).

Finally, Dr. Lang's purported causation opinion is also due to be excluded under Federal Rule of Evidence 403 because the opinion would mislead the jury given that, as stated above, Dr. Lang did not opine within a reasonable degree of medical certainty that Plaintiff's claimed injuries were causally related to the subject incident, which is a disputed issue in this case.

For these reasons, and being otherwise fully advised in the premises, it is **ADJUDGED** that Magistrate Judge Goodman's Report and Recommendation is **AFFIRMED** and **ADOPTED**.

Accordingly, it is **ADJUDGED** that Defendant's *Daubert* Motion as to Dr. David Lang is **GRANTED.** Dr. Lang is precluded from offering expert opinion testimony that Plaintiff's alleged fall caused her claimed injuries.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th of April 2023.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Jonathan Goodman

Counsel of Record